Kristina S. Keller, Esq. (SBN 161946)
kkeller@gckllp.com
**GARRELL COHON KENNEDY LLP**
550 South Hope Street, Suite 460
Los Angeles, California 90071
Tel: (213)647-0730 ‖ Fax: (213) 647-0732

Attorneys for Defendant
EVOLUTIONS BRANDS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOWARD WILSON, on behalf of himself and all others similarly situated,<br>Plaintiffs,<br>vs.<br>EVOLUTIONS BRANDS, INC.,<br>Defendant. | Case No. 1:26-cv-1366<br><br>**ANSWER OF EVOLUTIONS BRANDS, INC.'S TO HOWARD WILSON'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Served: February 11, 2026<br>Current response date: March 4, 2026<br>New response date: April 3, 2026<br>Last day for motions: TBD<br>Pretrial Conference: TBD<br>Trial Date: TBD |

Defendants EVOLUTIONS BRANDS, INC.'s ("Defendant" or "Evolution Brands") hereby answers Complaint for Damages (the "Complaint") filed by Plaintiff's HOWARD WILSON ("Plaintiff" or "Wilson") as follows:

## INTRODUCTION

1. The first sentence in Paragraph 1 contains a legal conclusion to which no response is required. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 1

2. The first sentence in Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is required, Evolution Brands lacks knowledge or information to form a belief as to the truth of the allegations in the first sentence and, therefore, denies them. The second, third and fourth sentences all contain legal conclusions to which no response is required. To the extent a response is required, the laws pertaining to legally "blind" and "visually impaired" persons speak for themselves and Evolution Brands denies any allegations inconsistent with those laws.

3. Evolution Brands lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies them.

4. Paragraph 4 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies that it violated the ADA in any way or that Wilson has any viable claims against Evolution Brands.

5. Paragraph 5 contains only legal conclusions to which no response is required. The ADA speaks for itself. To the extent a response is required, Evolution Brands denies that it violated the ADA in any way or that Wilson has any valid claims against Evolution Brands.

6. Paragraph 6 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 7.

8. Paragraph 8 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 8.

9. The first sentence of Paragraph 9 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies the allegations in the first sentence. Evolution Brands denies all remaining allegations in Paragraph 9.

10. Paragraph 10 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 10.

11. Paragraph 11 contains only legal conclusions to which no response is required. The statutes cited speak for themselves. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 11.

12. Evolution Brand denies the allegations in Paragraph 12.

## THE PARTIES

13. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them.

14. Evolution Brand denies the allegations in Paragraph 14.

15. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16. Paragraph 16 contains only legal conclusions to which no response is required. To the extent a response is required, the statute speaks for itself and Evolution Brands denies all allegations in Paragraph 16.

## STANDING

17. Paragraph 17 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18. Evolution Brands admits that customers can purchase products from its website, but denies all other allegations in Paragraph 18.

19. Evolution Brands denies the allegations in Paragraph 19.

20. Evolution Brand denies the allegations in Paragraph 20.

21. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies them.

22. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies them.

23. Evolution Brands admits the first three sentences in Paragraph 23. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence in Paragraph 23 and, therefore, denies them.

24. Evolution Brand denies the allegations in Paragraph 24.

25. Evolution Brand denies the allegations in Paragraph 25.

26. Paragraph 26 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies the allegations in Paragraph 26. The “law” speaks for itself.

27. Evolution Brand denies the allegations in Paragraph 27.

28. Evolution Brand denies the allegations in Paragraph 28.

29. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence in Paragraph 29 and, therefore, denies them.

## NATURE OF ACTION

30. Paragraph 30 contains only irrelevant statements, characterizations and conclusions to which no response is required. To the extent a response is deemed required, Evolution Brands admits the allegations in Paragraph 30.

31. Paragraph 31 contains only legal conclusions to which no response is required. To the extent a response is deemed required, Evolution Brands denies the allegations in Paragraph 31.

32. Paragraph 32 contains only legal conclusions to which no response is required. To the extent a response is deemed required, Evolution Brands denies the allegations in Paragraph 32.

33. Paragraph 33 contains only legal conclusions to which no response is required. To the extent a response is deemed required, Evolution Brands denies the allegations in Paragraph 33.

34. Paragraph 34 contains only legal conclusions to which no response is required. To the extent a response is deemed required, Evolution Brands denies the allegations in Paragraph 34.

35. Paragraph 35 contains only legal conclusions and arguments, as well as irrelevant statements, characterizations and conclusions to which no response is required. To the extent a response is deemed required, Evolution Brands denies the allegations in Paragraph 35.

36. Paragraph 36 contains only legal conclusions and factual statements and arguments to which no response is required. To the extent a response is deemed required, Evolution Brands denies the allegations in Paragraph 36.

## STATEMENT OF FACTS

37. Evolution Brands admits that it owns and operates its website at www.bedstu.com, but denies all other allegations in Paragraph 37.

38. Evolution Brands admit the first sentence in Paragraph 38. The second sentence contains only legal conclusions to which no response is required. To the

extent a response is deemed required, Evolution Brands denies the allegations in Paragraph 38.

39. Paragraph 39 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies them.

40. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies them.

41. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies them.

42. Evolution Brands admits the first three sentences in Paragraph 42. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence in Paragraph 42 and, therefore, denies them.

43. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in Paragraph 43 and, therefore, denies them. Evolution Brands denies the allegations in the second sentence in Paragraph 43.

44. Evolution Brand denies the allegations in Paragraph 44.

45. Evolution Brand denies the allegations in Paragraph 45

46. Evolution Brand denies the allegations in Paragraph 46.

47. Evolution Brands lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies them.

48. Evolution Brand denies the allegations in Paragraph 48.

49. Evolution Brand denies the allegations in Paragraph 49.

50. Paragraph 50 contains only legal arguments and conclusions to which no response is required. To the extent a response is required, Evolution Brands denies the allegations in Paragraph 50.

51. Evolution Brand denies the allegations in Paragraph 51.

52. Paragraph 52 contains only legal arguments and conclusions to which no response is required. To the extent a response is required, Evolution Brands denies the allegations in Paragraph 52.

53. Evolution Brand denies the allegations in Paragraph 53.

54. Paragraph 54 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies the allegations in the first sentence in Paragraph 54. Evolution Brands also denies the allegations in the second sentence of Paragraph 54 because the ADA speaks for itself and Evolution Brands denies any allegations inconsistent therewith. Evolution Brands also denies that the ADA applies to this case and denies that Evolution Brands violated the ADA.

55. Evolution Brand denies the allegations in Paragraph 55.

56. Evolution Brand denies the allegations in Paragraph 56.

57. Evolution Brands denies the allegations in Paragraph 57, except that Evolution Brands admits that it has invested substantial sums in developing and maintaining its Website, including, but not limited to, sums that have been spent on full ADA compliance through the years.

58. Evolution Brand denies the allegations in Paragraph 58.

## **CLASS ACTION ALLEGATIONS**

59. Paragraph 59 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 59.

60. Evolution Brand denies the allegations in Paragraph 60.

61. Evolution Brand denies the allegations in Paragraph 61.

62. Evolution Brand denies the allegations in Paragraph 62.

63. Evolution Brand denies the allegations in Paragraph 63.

64. Evolution Brand denies the allegations in Paragraph 64.

**FIRST CAUSE OF ACTION**

65. Paragraph 65 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 65.

66. Paragraph 66 contains only legal conclusions to which no response is required. To the extent a response is required, denies the allegations Paragraph 66 because the the statute speaks for itself and Evolution Brands denies any allegations inconsistent therewith. Evolution Brands also denies that the statute applies to this case and denies that Evolution Brands violated the statute.

67. Paragraph 67 contains only legal conclusions to which no response is required. To the extent a response is required, denies the allegations Paragraph 67 because the statute speaks for itself and Evolution Brands denies any allegations inconsistent therewith. Evolution Brands also denies that the statute applies to this case and denies that Evolution Brands violated the statute.

68. Paragraph 68 contains only legal conclusions to which no response is required. To the extent a response is required, denies the allegations Paragraph 68 because the statute speaks for itself and Evolution Brands denies any allegations inconsistent therewith. Evolution Brands also denies that the statute applies to this case and denies that Evolution Brands violated the statute.

69. Paragraph 69 contains only legal conclusions to which no response is required. To the extent a response is required, denies the allegations Paragraph 69 because the statute speaks for itself and Evolution Brands denies any allegations inconsistent therewith. Evolution Brands also denies that the statute applies to this case and denies that it violated the statute.

70. Paragraph 70 contains only legal conclusions to which no response is required. To the extent a response is required, denies the allegations Paragraph 70 because the statute speaks for itself and Evolution Brands denies any allegations inconsistent therewith. Evolution Brands also denies that the statute applies to this case

and denies that Evolution Brands violated the statute.

71. Evolution Brand denies the allegations in Paragraph 71.

72. Paragraph 72 contains only legal conclusions to which no response is required. To the extent a response is required, denies the allegations Paragraph 72 because the statute speaks for itself and Evolution Brands denies any allegations inconsistent therewith. Evolution Brands also denies that the statute applies to this case and denies that Evolution Brands violated the statute.

**SECOND CAUSE OF ACTION**

73. Paragraph 73 contains only legal conclusions to which no response is required. To the extent a response is required, Evolution Brands denies all allegations in Paragraph 73.

74. Evolution Brands denies that Plaintiff is entitled to declaratory relief and denies all other allegations in Paragraph 74.

75. Evolution Brand denies the allegations in Paragraph 75.

**SUBSTANTIVE ALLEGATIONS**

**GENERAL DENIAL**

Pursuant to the provisions of the *California Code of Civil Procedure* section 431.30(d), Defendants deny generally and specifically each and every allegation contained in the Complaint, and the whole thereof, including each and every purported cause of action contained therein.

Further answering the Complaint, Defendants deny that Plaintiff has sustained or will sustain any injury, damage, or loss by reason of any act, omission or negligence on the part of Defendants. Without admitting to any facts alleged by Plaintiff and without assuming the burden of proof, Defendants also sets forth and plead the following separate and affirmative defenses to the Complaint:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**FAILURE TO STATE A CAUSE OF ACTION**

1. As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that the allegations of the Complaint, and each and every purported cause of action contained therein, fail to allege facts sufficient to state a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**LACKS STANDING**

2. As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that Plaintiff lacks standing.

**THIRD AFFIRMATIVE DEFENSE**

**MOOTNESS**

3. As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that the allegations of the Complaint, and each and every purported cause of action contained therein, are moot because Defendants are already in full compliance with all ADA requirements and/or, without conceding there were any, have voluntarily remedied any and all alleged barriers or violations.

**FOURTH AFFIRMATIVE DEFENSE**

**STATUTE OF LIMITATIONS**

4. As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that the allegations of the Complaint, and each and every purported cause of action contained therein, are outside the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**UNDUE BURDEN**

5. As a separate and distinct affirmative defense to the Complaint, and to

each cause of action contained therein, Defendants allege that the requested modifications would impose an undue burden on the Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**NOT READILY ACHIEVABLE**

6. As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that removal of the alleged barriers is not readily achievable.

**SEVENTH AFFIRMATIVE DEFENSE**

**FUNDAMENTAL ALTERATION**

7. As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that removal of the alleged barriers would fundamentally alter the nature of Defendants' goods, services, facilities, privileges, advantages or accommodation. (42 U.S.C. § 12182(b)(2)(ii).)

**EIGHTH AFFIRMATIVE DEFENSE**

**ALTERNATIVE METHODS AVAILABLE**

8. As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that Defendants have adequately provided access through readily achievable alternative methods, including, but not limited to, customer service.

**NINTH AFFIRMATIVE DEFENSE**

**CONSENT**

9. As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or their claim for damages must be reduced by the doctrine of consent.

**TENTH AFFIRMATIVE DEFENSE**

**WAIVER**

10. As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are

barred or their claim for damages must be reduced by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

**ESTOPPEL**

11. As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or their claim for damages must be reduced by the doctrine of estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

**UNCLEAN HANDS**

12. As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that as a result of the acts and omissions in the matters relevant to this Complaint, Plaintiff has unclean hands and are therefore barred from asserting any claims against Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or limited based on judicial estoppel and inconsistent positions taken by Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**FAILURE TO STATE A CLAIM FOR INJUNCTIVE RELIEF**

14. As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that the Complaint fails to properly state a claim for injunctive relief.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**FAILURE TO MITIGATE DAMAGES**

**15.** Plaintiff's claims are barred, in whole or in part, to the extent he failed to mitigate damages, if he suffered any, by seeking alternate method to purchase products from Defendants' website.

/ /

## SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants state that they do not presently know all facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendants will seek leave from the Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;

2. That Defendants recover their costs of suit and attorney's fees incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

Dated: April 1, 2026 **GARRELL COHON KENNEDY LLP**

By: /s/ Kristina S. Keller
Kristina S. Keller, Esq.
Attorneys for Defendant
EVOLUTIONS BRANDS, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Section 38(b), Defendant Evolution Brands, Inc., demands a trial by jury on all questions of fact raised in the Complaint.

Dated: April 1, 2026

**GARRELL COHON KENNEDY LLP**

By: /s/ Kristina S. Keller
Kristina S. Keller, Esq.
Attorneys for Defendant
EVOLUTIONS BRANDS, INC.

**PROOF OF SERVICE**

I, Shea Nelson, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is: 550 S. Hope Street, Suite 460, Los Angeles, CA 90071. Email: snelson@gckllp.com

On April 1, 2026, I served the document described as **ANSWER OF EVOLUTIONS BRANDS, INC.'S TO HOWARD WILSON'S COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

***Attorneys for Plaintiff, Howard Wilson***

Yaakov Saks, Esq.
ysaks@steinsakslegal.com
STEIN SAKS, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel: (201) 282-6500 ext. 101
Fax: (201) 282-6501

**(XX) BY ELECTRONIC MAIL:** I caused such document to be delivered electronically to the e-mail address of the addressee(s) noted above.

**(XX) ELECTRONIC SERVICE:** All counsel of record through the CM/ECF system if they are registered users, or if they are not, by serving true and correct copy at the address listed below.

Executed on April 1, 2026, at Los Angeles, California.

*Shea Nelson*
Shea Nelson