**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| HOWARD WILSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>EVOLUTION BRANDS, INC.,<br><br>Defendant. | ) | No. 1:26-cv-01366 |

# JOINT INITIAL STATUS REPORT

Plaintiff, HOWARD WILSON ("Plaintiff") and Defendant EVOLUTION BRANDS, INC., ("Defendant"), by and through their undersigned counsel, hereby submit this joint status report pursuant to this Court's Order:

## 1. Nature of the Case

### A. Identify the attorneys of record for each party, including the lead trial attorney.

**Attorney for Plaintiff:**
Yaakov Saks
Stein Saks, PLLC
One University Plaza Suite 620
Hackensack, NJ 07601-2726
201-282-6500
Ysaks@steinsakslegal.Com

**Attorney for Defendant:**
Kristina S. Keller
Garrell Cohon Kennedy LLP
550 S. Hope Street, Suite 460
Los Angeles, CA 90071
213-647-0741
kkeller@gckllp.com

**B. State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12182, *et seq*. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject Website within this Judicial District.

**C. Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

**Plaintiff:** Plaintiff brings this action for damages arising from Defendant's alleged violations of Title III of the ADA, 42 U.S.C. § 12182, *et seq*. Plaintiff is a visually impaired person and claims he was injured when he attempted to access Defendant's Website from his home in an effort to shop for Defendant's products, but claims he encountered barriers that denied his full and equal access to Defendant's online goods, content and services.

**Defendant:** Defendant denies each and every allegation in Plaintiff's complaint. At all relevant times, Defendant was in full compliance with Title III of the ADA and has not violated any statute or injured Plaintiff or any other visually impaired persons in any way. Defendant's website is and has, at all relevant times, been fully accessible to visually impaired persons and is and has, at all relevant times, been in full compliance with ADA requirements. Plaintiff's claims are without merit and should be dismissed in their entirety.

**D. State the major legal and factual issues in the case.**

**Plaintiff:** The issues in question in this case are:

a. Whether Defendant's Website is a "public accommodation" under the ADA;

b. Whether Defendant's Website denies the full and equal enjoyment of its products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the ADA.

**Defendant:**

c. Whether Plaintiff lacks standing to bring the claims against Defendant;
d. Whether Plaintiff is an inadequate class representative;
e. Whether Plaintiff's claims are moot.
f. Whether Plaintiff's claims lack merit.

**E. Describe the relief sought.**

**Plaintiff:** The Plaintiff is seeking damages, costs, attorney fees and for the website to be updated for persons with visual disabilities.

**Defendant:** Defendant requests that Plaintiff take nothing by reason of the Complaint on file herein, that Defendant recover its costs of suit and attorney's fees incurred herein; and for such other and further relief to Defendant as the Court may deem just and proper.

**2. <u>Pending Motions and Case Plan</u>**

**A. Identify all pending motions.**

**Plaintiff:** n/a

**Defendant:** There are no pending motions, but Defendant may seek to file a dispositive motion pending the outcome of discovery.

**B. Submit a proposed discovery plan, including the following information:**

**i. the general type of discovery needed;**

**Plaintiff:** Plaintiff will seek discovery from Defendant regarding efforts taken to remediate the website, accessibility policies and procedures.

**Defendant:** Defendant will seek discovery from Plaintiff regarding shoe purchases, class representative issues, attempts to purchase shoes from Defendant, purported barriers encountered and other issues raised in Plaintiff's complaint.

**ii. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;**

June 1, 2026

**iii. First date by which to issue written discovery;**

July 6, 2026

**iv. Deadline to amend pleadings and join parties**
**May 21, 2026**

**v. the date by which the parties will complete fact discovery;**

January 8, 2027

**vi. whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;**

Plaintiff's expert disclosure: January 15, 2027;
Plaintiff's expert report: February 15, 2027
Defendant's expert disclosure: February 1, 2027
Defendant's expert report: March 1, 2027; and
Expert discovery, including depositions, completed by: March 15, 2027

**vii. the date by which the parties must file any dispositive motions.**

April 15, 2027

**C. State whether there has been a jury demand and the estimated length of the trial.**

Parties request a Jury Trial. The estimated length of trial is 2-3 days.

**3. <u>Consent to Proceed Before a Magistrate Judge</u>**

**A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do *not* indicate which parties consented or did not consent.**

Parties do not consent to proceed before a Magistrate Judge.

**4. <u>Settlement</u>**

**A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.**

The parties have not had settlement discussions.

**B. State whether the parties believe that a settlement conference would be productive at this time.**

The parties do not request a settlement conference at this time.

Date: April 7, 2026

Respectfully Submitted,

*<u>/s/ Yaakov Saks</u>*
Yaakov Saks, Esq.
Stein Saks, PLLC
One University Plaza, Ste 620
(201) 282-6500
Hackensack, NJ 07601
*Attorney for Plaintiff*

*<u>/s/ Kristina S. Keller</u>*
Kristina S. Keller
Garrell Cohon Kennedy LLP
550 S. Hope Street, Suite 460
Los Angeles, CA 90071
213-647-0741
*Attorney for Defendant*